UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

CADEL KASZYNSKI,

*Plaintiff-Appellant,*

v.

TOMMY G. THOMPSON, Secretary of
the Department of Health and
Human Services,

*Defendant-Appellee.*

No. 03-1419

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Peter J. Messitte, District Judge.
(CA-02-1602-PJM)

Submitted: November 26, 2003

Decided: December 19, 2003

Before NIEMEYER and WILLIAMS, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Nicholas D. Dale, Bethesda, Maryland, for Appellant. Thomas M.
DiBiagio, United States Attorney, Tarra DeShields-Minnis, Assistant
United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Cadel Kaszynski appeals the district court's order granting summary judgment in favor of the Defendant on her complaint filed pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17 (2000) alleging hostile work environment based on gender and retaliatory discrimination. Finding no reversible error, we affirm.

We review a district court's order granting summary judgment de novo. *Higgins v. E.I. DuPont de Nemours & Co.*, 863 F.2d 1162, 1167 (4th Cir. 1988). Summary judgment is appropriate when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The evidence is viewed in the light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Summary judgment will be granted unless a reasonable jury could return a verdict for the non-moving party on the evidence presented. *Anderson*, 477 U.S. at 247-48.

Kaszynski argues that the district court erred by granting summary judgment in favor of the Defendant on her hostile work environment claim. For the reasons that follow, we find that the district court did not err. Because Kaszynski offers no direct evidence of discrimination, her claim is analyzed using the burden-shifting framework adopted by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). Under the *McDonnell Douglas* standard, the plaintiff bears the initial burden of establishing a prima facie case. *See Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253 (1981). Where a plaintiff makes a showing sufficient to support a prima facie case, the burden shifts to the defendant to articulate a legitimate, nondiscriminatory reason for the employment action.

*McDonnell Douglas*, 411 U.S. at 802. If the employer produces a legitimate reason for the action, the burden once again shifts to the plaintiff to show that the employer's rationale is just a pretext for discrimination. *Id.* at 804. The plaintiff has the ultimate burden of demonstrating that the employer's action was discriminatory. *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 515 (1993); *Taylor v. Virginia Union Univ.*, 193 F.3d 219, 230 (4th Cir. 1999).

To state a hostile work environment claim based on gender under the *McDonnell Douglas* framework, "a female plaintiff must prove that the offending conduct (1) was unwelcome, (2) was based on her sex, (3) was sufficiently severe or pervasive to alter the conditions of her employment and create an abusive work environment, and (4) was imputable to her employer." *Ocheltree v. Scollon Prods., Inc.*, 335 F.3d 325, 331 (4th Cir. 2003) (en banc). Kaszynski fails to make a prima facie case because she cannot demonstrate that the offending conduct was based on her sex or that it was sufficiently severe or pervasive. Moreover, even assuming that she can make a prima facie case, she cannot show that the Defendant's proffered reason for the employment action was merely pretext for discrimination. Thus, the district court did not err by granting summary judgment in favor of the Defendant on Kaszynski's hostile work environment claim.

Kaszynski also argues that the district court erred by granting summary judgment in favor of the Defendant on her retaliatory discrimination claim. Again, we find that the district court did not err. In order to state a prima facie retaliation claim, a plaintiff must prove: (1) the employee engaged in protected activity; (2) the employer took adverse employment action against the employee; and (3) a causal connection between the protected activity and the adverse action. *Ross v. Communications Satellite Corp.*, 759 F.2d 355 (4th Cir. 1985). As with the hostile work environment claim, a burden-shifting scheme is utilized. If a prima facie case is made, the employer may rebut it by showing a legitimate, nondiscriminatory reason for the adverse action. *Id.* at 365. If this burden is met, the plaintiff must then show by a preponderance of the evidence that the proffered reason is only a pretext for retaliation. *Id.*

Kaszynski cannot demonstrate the requisite causal connection for a prima facie retaliation claim. Moreover, even assuming that she

could make a prima facie case, the Defendant proffered a legitimate, nondiscriminatory reason for the adverse employment action that she fails to rebut by a preponderance of the evidence. Thus, the district court did not err by granting summary judgment in favor of the Defendant on Kaszynski's retaliation claim.

Lastly, Kaszynski argues that this case should be analyzed using a "mixed motive" analysis. However, because this argument is made for the first time on appeal, and because Kaszynski fails to show any exceptional circumstances for failure to raise it at an earlier stage, we decline to consider it. *Muth v. United States*, 1 F.3d 246, 250 (4th Cir. 1993).

For these reasons, we affirm the district court's order granting summary judgment in favor of the Defendant on both Kaszynski's hostile work environment claim and retaliation claim. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*